UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA WEST, | : | Case No. 3:10-cv-284 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| BRADLEY HILTON, *et al.*, | : | |
| Defendants. | : | |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (DOC. 23) AND STRIKING IT FROM THE RECORD

This case is before the Court on Plaintiff's second attempt to amend her Complaint to reassert claims against former Defendants Issac Ajak and Diamond Cab Company ("Diamond Cab"). (Doc. 23). On July 15, 2011, Issac Ajak and Diamond Cab were dismissed from this case because Plaintiff failed to properly serve them within the time period set forth in Fed. R. Civ. P. 4(m). (Doc. 20). On July 19, 2011, Plaintiff moved to amend the Complaint to reassert her claims against Issac Ajak and Diamond Cab. (Doc. 21). The Court denied and struck Plaintiff's first Motion for Leave to Amend from the docket because it was filed by an attorney not admitted to the bar of this Court or admitted to practice in this case *pro hac vice*. (Doc. 22).

While Plaintiff's second Motion for Leave to Amend is electronically signed by Carl L. Collins, III, an attorney previously admitted in this case *pro hac vice*, Plaintiff nevertheless fails to comply with Local Rule 83.4(a), which requires that:

> Unless otherwise ordered, in all actions filed in . . . this Court, all parties . . . must be represented at all times by a "trial attorney" who is a permanent member of the bar of this Court in good standing. Each filing made on behalf of such parties must identify and be signed by the trial attorney . . . Admission pro hac vice does not entitle an attorney to appear as a party's trial attorney, but the Court may, in its discretion and upon motion that shows good cause, permit an attorney who has been so admitted to act as a trial attorney.

Local Rule 83.3(f) clearly provides that "[u]nless otherwise ordered pursuant to S.D. Ohio Civ. R. 83.3(a), an attorney admitted *pro hac vice* may not serve as the trial attorney for any party."

Here, while Mr. Collins was granted leave to appear *pro hac vice*, he has not moved for an order requesting to act as trial attorney on behalf of Plaintiff, nor has the court ordered such. Instead, Attorney Cassandra Collier-Williams remains trial counsel for Plaintiff and any filings on Plaintiff's behalf must identify Ms. Collier-Williams and bear her signature. Unfortunately, Plaintiff's second Motion for Leave to Amend does not identify Ms. Collier-Williams or bear her signature.[1]

Based on a continued failure to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court, the Court must deny Plaintiff's second Motion for Leave to Amend the Complaint, without prejudice, and strike it from the record. The attorneys for Plaintiff are **ORDERED** to familiarize themselves with the Local Rules and

---

[1] The Court also notes that the "Proof of Service" attached to the Second Motion certifies that it was served on August 1, 2011 (Mr. Collins' signature block also indicates that he signed the Second Motion on August 1, 2011). The "Proof of Service" simply states that Motion was "electronically filed" on August 1, 2011, and thus implies that the parties were served via CM/ECF notification on that same date. However, the Motion was not filed until August 12, 2011. Aside from the incorrect date of service, the "Proof of Service" is improperly signed by an individual named "Krista Moss." Ms. Moss is not a member of the bar of this Court and not admitted in this case pro hac vice. In fact, it is unclear whether Ms. Moss is an attorney.

CM/ECF filing procedures of this Court.[2]

If Plaintiff wishes to amend the Complaint to reassert claims against Issac Ajak and Diamond Cab, Plaintiff must file a proper motion complying with all applicable rules on or before **August 24, 2011**, or be barred from doing so in this case. Any such motion must also address the Court's serious concern over whether amending the Complaint to reassert claims against Issac Ajak and Diamond Cab would be futile in light of Plaintiff's failure to serve them with the original Complaint pursuant to Fed. R. Civ. P. 4(m).

Federal courts have held that, even where an "amended complaint was served within 120 days of its filing, service [was] not sufficient" if the original complaint was not served within the 120 day time limit set forth in Fed. R. Civ. P. 4(m). *Leonard v. Stuart-James Co., Inc.*, 742 F. Supp.2d 653, 662 (N.D. Ga. 1990). In other words, "service of the amended complaint did not effect service when the original complaint had not been served." *Leonard*, 742 F.Supp.2d at 662; *see also Bryant v. Brooklyn Barbeque Corp.*, 130 F.R.D. 665, 668-669 (W.D. Mo. 1990) (noting that "courts considering whether a plaintiff may serve an amended complaint outside of the 120 day limit have uniformly held that the amended complaint may not be served unless good cause is shown for the failure to serve the original complaint within the 120 day period").

In *Bryant*, the court concluded that an "attempt to file and serve [an] amended complaint after the 120 day period had passed does not preserve [plaintiff's] original cause of action and service of the amended complaint must be quashed." *Bryant*, 130

---

[2] Plaintiff also improperly docketed the Motion as an "Ex Parte" motion.

F.R.D. at 668-69. The court in *Bryant* set forth a clear rationale for such a conclusion:

> if a plaintiff who had not shown good cause for failing to serve a complaint with[in] the 120 day period was allowed to file an amended complaint after that time period had passed, there would be no incentive to serve the complaint in a timely manner and the purpose of Fed. R. Civ. P. 4[m], to encourage prompt service, would be emasculated.

*Bryant*, 130 F.R.D. at 669; *see also Leonard*, 742 F.Supp.2d at 662 (stating that "if an amendment were allowed to substitute for the original service, plaintiff would have no incentive to serve the original complaint within the 120-day period").

Based on all of the foregoing, Plaintiff's second Motion for Leave to Amend the Complaint (Doc. 23) is **DENIED** and the Court **STRIKES** it from the record. Plaintiff may file another motion seeking to amend the Complaint provided such motion is filed on or before **August 24, 2011**. Further, any motion seeking to amend the pleadings to add Issac Ajak and/or Diamond Cab must comply with all applicable rules and address the Court's aforementioned concerns.

**IT IS SO ORDERED**.

Date: 8/16/11

Timothy S. Black
United States District Judge