UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA WEST, | : | Case No. 3:10-cv-284 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| BRADLEY HILTON, *et al.*, | : | |
| Defendants. | : | |

## ORDER DENYING PLAINTIFF'S MOTION TO DEEM CHRIS CAMPER AND CARL L. COLLINS, III TO BE PLAINTIFF'S TRIAL ATTORNEYS (DOC. 33)

This civil case is presently before the Court on Plaintiff's Motion requesting that the Court deem co-counsel Chris Camper and Carl L. Collins, III, Trial Attorneys on behalf of Plaintiff, pursuant to Local Rule 83.4(a).[1] (Doc. 33). Attorneys Camper and Collins are not members of the bar of this Court and, instead, both attorneys are admitted *pro hac vice* as co-counsel on behalf of Plaintiff in this case. For the reasons set forth below, the Motion is **DENIED**.

Initially, the Court notes that the Motion is improperly designated by Counsel on the docket as an "Ex Parte Motion to Appoint Counsel." Further, despite numerous previous reminders by the Court, the Motion is not signed by Plaintiffs' Trial Attorney Cassandra Collier-Williams, as required by Local Rule 83.4(a). Instead, the Motion is electronically signed solely by Attorney Camper who, again, is admitted *pro hac vice* as

---

[1] Local Rule 83.4(a) states that, "[u]nless otherwise ordered, in all actions filed in, transferred to or removed to this Court, all parties other than *pro se* parties must be represented at all times by a 'trial attorney' who is a permanent member of the bar of this Court in good standing. Each filing made on behalf of such parties must identify and be signed by the trial attorney. The trial attorney must attend all hearings, conferences and the trial itself unless excused by the Court from doing so. Admission *pro hac vice* does not entitle an attorney to appear as a party's trial attorney, but the Court may, in its discretion and upon motion that shows good cause, permit an attorney who has been so admitted to act as a trial attorney.

co-counsel of behalf of Plaintiff.  Lastly, the Motion is devoid of any attempt to show good cause in support of the Motion.

Each of these deficiencies, in and of themselves, is sufficient grounds upon which the Court could strike the Motion.  However, rather than striking the Motion, the Court points to these deficiencies, as well as numerous previous filing deficiencies clearly evident on the face of the Court's docket in this case, as grounds for denying this Motion.  Accordingly, the Motion to be deemed trial counsel (Doc. 33) is **DENIED**.

The Court concludes by noting that Local Rule 83.3(f) provides that "[t]he Court may, in accordance with governing substantive law, revoke an attorney's *pro hac vice* status at any time."  A future failure by Plaintiff's Counsel to comply with the Local Rules of this Court may result in the Court's revocation of *pro hac vice* status.

**IT IS SO ORDERED**.

Date:  1/20/2012

Timothy S. Black
United States District Judge