UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANDREA WEST, | Case No. 3:10-cv-284 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| BRADLEY HILTON, *et al.*, | |
| Defendants. | |

**ORDER AND ENTRY: (1) GRANTING DEFENDANTS' RENEWED MOTION TO COMPEL; (2) STAYING A DETERMINATION OF DEFENDANTS' ALTERNATIVE REQUEST TO DISMISS FOR FAILURE TO PROSECUTE; AND (3) GRANTING DEFENDANTS' REQUEST FOR LEAVE TO MOVE FOR ATTORNEY FEES AND COSTS (DOC. 36)**

This case is once again before the Court on pre-trial issues, this time Defendants' Renewed Motion to Compel discovery. (Doc. 36). Defendants previously moved to compel discovery responses from Plaintiff on December 19, 2011. (Doc. 34). The Court ordered Plaintiff to respond to the Motion within 7 days, and when Plaintiff failed to do so, the Court granted Defendants' Motion and ordered Plaintiff to respond to discovery within 14 days. Defendants' Renewed Motion attaches Plaintiff's responses to interrogatories and requests for documents. (Doc. 36-2). However, a cursory review of Plaintiff's responses clearly shows a wholly incomplete production.

This case was filed in July 2010, over a year and a half ago. The subject matter of the Complaint is most serious, alleging that, at 2:16 a.m. on August 24, 2009, Plaintiff's decedent, Michaele Michelle Elaine West, was struck and killed on Interstate 75 by a

tractor-trailer operated by Defendant Bradley Hilton.[1] (Doc. 2). Plaintiff's decedent was allegedly a pedestrian on the interstate at the time of the accident. (*Id.*) Plaintiff alleges that Defendants were negligent, and, therefore, are liable for the wrongful death of Plaintiff's decedent. (*Id.*)

Despite the serious allegations and the considerable length of time this case has been pending in this Court, Plaintiff failed to provide even basic discoverable information in response to Defendants' requests, such as decedent's driver's license number, or any information regarding core discoverable issues such as the names and addresses of decedent's healthcare providers,[2] information or documentation regarding any alleged loss (out-of-pocket expenses, funeral/burial expenses, income information, etc.) or information or documentation as to whether any insurer paid any expenses. Quite frankly, Plaintiff's "response" to Defendants' discovery requests and Plaintiff's apparent need to secure and "supplement" relevant and essential information and documentation over a year and a half after instituting this wrongful death litigation is alarming.

The Court concludes that Plaintiff has failed to prosecute this case. Plaintiff is **ORDERED** to provide **COMPLETE** responses to Defendant's discovery requests to

---

[1] Defendant Hilton was allegedly employed by Defendant Drive Logistics at the time of the accident. Defendant CIT Financial allegedly owned the truck operated by Defendant Hilton at the time of the accident. Defendant GTA Trailer Rentals, Inc. allegedly "had a financial interest, and controlled the truck operated by Defendant . . . Hilton" at the time of the accident. (Doc. 2, PAGEID 3-4).

[2] While Plaintiff apparently provided Defendant with signed medical release authorizations. However, without the names of any healthcare provider it is unclear how the release authorizations have any use whatsoever.

Defendants' attorney. Such **COMPLETE** discovery responses shall be in the possession of Defendants' attorney or his office on or before February 7, 2012 at 12:00 p.m. (Eastern Standard Time) (two weeks from today). In conjunction with providing **COMPLETE** discovery responses to Defendants' attorney, Plaintiff's attorneys are **ORDERED** to file a Notice before 4:00 p.m. on February 7, 2012 certifying completion of such service and signed by each of Plaintiff's attorneys of record.

**PLAINTIFFS' FAILURE TO COMPLY WITH THIS ORDER <u>WILL</u> RESULT IN THE DISMISSAL OF THIS CASE PURSUANT TO FED. R. CIV. P. 41(b) FOR FAILURE TO PROSECUTE.**

Defendants' alternative request to dismiss for failure to prosecute is hereby **STAYED** until February 7, 2012. Defendants' request for leave to file a motion for attorney fees and costs is **GRANTED**. Defendants may file a motion for attorney fees and costs on or before February 14, 2012.

**IT IS SO ORDERED.**

Date: 1/24/12

Timothy S. Black
United States District Judge