UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA WEST, | : | Case No. 3:10-cv-284 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| BRADLEY HILTON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER: (1) DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE
TO PROSECUTE (DOC. 41); (2) SETTING AN ACCELERATED BRIEFING
SCHEDULE ON DEFENDANTS' SECOND MOTION TO COMPEL (DOC. 47);
AND (3) HOLDING PLAINTIFF'S MOTIONS FOR LEAVE TO SERVE
ADDITIONAL INTERROGATORIES (DOCS 48, 49) IN ABEYANCE PENDING
DISPOSITION OF DEFENDANTS' SECOND MOTION TO COMPEL**

This civil case is before the Court on Defendants' Motion to Dismiss for Failure to
Prosecute (Doc. 41) and the Court's Order to Show Cause (Doc. 44).  Plaintiff responded
to the Order to Show Cause (Doc. 45) and Defendants replied to Plaintiff's response (Doc.
46) .  The Motion and the Court's Order to Show Cause are ripe.

The Court is instructed to consider a number of factors in determining whether to
dismiss a complaint for failure to prosecute or for failure to make discovery, namely:

> (1) whether the party's failure to cooperate was due to willfulness,
> bad faith, or fault; (2) whether the adversary was prejudiced by the
> failure to cooperate in discovery; (3) whether the dismissed party was
> warned that failure to cooperate would result in dismissal; and
> (4) whether less drastic sanctions were imposed or considered before
> dismissal was ordered.

*Bullard v. Roadway Express*, 3 Fed. Appx. 418, 421 (6th Cir 2001).  Certainly,

"[d]ismissal is the sanction of last resort."  *Beil v. Lakewood Engineering and Mfg. Co.*,

15 F.3d 546, 552 (6th Cir. 1994).

Defendants' Motion argues that Plaintiff has failed to prosecute this case by failing to provide adequate discovery responses.  Significantly, Defendants argue that Plaintiff "has failed to identify witnesses, experts and documents supporting her core allegations"[1] in response to written discovery requests.

In Plaintiff's Court-ordered response, Plaintiff essentially states that she has provided all information and documentation presently within her knowledge or within her possession, that she has made a good faith effort to provide complete responses, though untimely.  Plaintiff also represents that her claims of negligence are based significantly on information contained in the Ohio traffic crash report, which includes witness statements, police measurements and diagrams.

As in many cases involving automobile accidents, Plaintiff presumably intends to evidence her claim of negligence[2] by eliciting expert opinion testimony that analyzes the specific factual information contained in the crash report.  Before submission of any written discovery request in this case, the parties expressly agreed upon an expert disclosure deadline of August 1, 2012,[3] which the Court relied upon in setting the Calendar Order.  Thus, unfortunately, it is premature for Defendants to expect Plaintiff's

---

[1]  The Court notes (again) that the Calendar Order in this case entered October 7, 2011 (Doc. 28), which adopted litigation dates jointly proposed by the parties, does not require the disclosure of  lay witnesses until June 1, 2012, or primary expert witnesses until August 1, 2012.

[2]  Notably, Plaintiff's Complaint alleges that Defendant Hilton is liable because he "had a duty of care to operate his vehicle at a speed an in a manner to enable him to maintain control of the vehicle; a duty to not drive the vehicle in a careless or reckless manner likely to endanger any person or property; and a duty to obey the laws of the State of Ohio."  (Doc. 2).

[3]  Defendants argue that the traffic crash report contains nothing setting "forth any finding establishing" Defendants' liability.  Certainly, it is Plaintiff's burden to prove liability, and whether Plaintiff sufficiently meets that burden is ultimately an argument Defendants are free to make in moving for summary judgment.

disclosure of such proposed expert testimony,[4] and, in any event, Plaintiff has now made clear that the facts underlying the negligence claim are almost exclusively set forth in the traffic crash report.

In light of the foregoing, the Court concludes that any inadequacy of Plaintiff's responses to written discovery are not the result of willfulness, bad faith or fault.  More importantly, given a discovery deadline eight months out, and deadlines for the disclosure of lay and expert witnesses two and four months out, respectively, the Court cannot find prejudice to Defendants, even assuming inadequate discovery responses to date. Accordingly, Defendants' Motion to Dismiss for Failure to Prosecute (Doc. 41) is **DENIED**.

The Court does note, however, that Plaintiff's lack of diligence in prosecuting this case to date has resulted in the dismissal of previously named defendants, has caused the Court to issue an unusually high number of show cause orders and/or notices that the case is in jeopardy of dismissal for failure to prosecute, and has necessitated the Court's involvement in discovery issues via numerous motions to compel written discovery responses.  In other words, the Court is not impressed with the current status of this case nor the fact that the parties are still engaged in and fighting over written discovery requests almost two years after this case was originally filed.

With experienced counsel representing the parties in this litigation, and given the civility the Court requires from litigants and attorneys in this jurisdiction,[5] this case should

---

[4] Further, facts in support of claims regarding negligent training, supervision and/or failure to properly equip a tractor-trailer are facts typically in the possession of a defendant discoverable in the course of litigation.

[5] *See* the Introductory Statement on Civility preceding the Local Rules of this Court.

not be languishing at its current state, should not require multiple substantive show cause orders nor orders on motions to compel discovery, and should not require consideration of a hotly contested request for leave to serve additional interrogatories.  Counsel shall move forward with the discovery process and toward resolution of this case in accordance with the Calendar Order previously entered by the Court.

Plaintiff is **ORDERED** to respond to Defendants' Second Motion to Compel (Doc. 47) within seven days from the entry of this Order.  Defendants may file a reply memorandum within three days following the filing of Plaintiff's response.  Should the parties resolve the discovery dispute presented in Defendants' Second Motion to Compel without requiring a formal Order of the Court, Defendants shall formally withdraw the Motion from the Court's docket.

Further, absent a resolution among the parties without the need for a formal Order, disposition of Plaintiff's Motions for Leave to Serve Additional Interrogatories (Docs. 48, 49) are hereby held in abeyance pending resolution of Defendant's Second Motion to Compel.  Should the parties agree and stipulate to service of additional interrogatories as requested in Plaintiff's Motions, the parties shall immediately file a stipulation in that regard.

Finally, Plaintiff having complied with the Court's Order to Show Cause (Doc. 44), such Order is hereby is **VACATED**.

**IT IS SO ORDERED.**

Date:  3/30/12                              _s/ Timothy S. Black_
                                           Timothy S. Black
                                           United States District Judge