UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA WEST, | : | Case No. 3:10-cv-284 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| BRADLEY HILTON, *et al.*, | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE OF SERVICE OF PROCESS AND LACK OF PERSON JURISDICTION (DOC. 37)**

This civil case is before the Court on the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service of process filed by Defendants CIT Financial, LTD ("CIT") and GTA Trailer Rental, Inc. ("GTA") (collectively referring herein as "Defendants").  Plaintiff failed to respond to Defendants' Motion and the time for doing so has expired.  Accordingly, the Motion is ripe for decision by the Court.

The Court begins by noting the Defendants did generally preserve this defense by asserting it in the answer filed January 24, 2011.  (Doc. 13).  Nevertheless, in that same pleading, Defendants asserted counterclaims against previously named defendants.  (Doc. 13).  Following the dismissal of those previously named counterclaim-defendants, the Court set this case for a Preliminary Pretrial Conference.  Before that conference, the parties conferred and jointly submitted a Rule 26(f) report wherein the parties agreed to file any motions directed to the pleadings on or before December 31, 2011.  (Doc. 27).

-2-

Defendants, through Counsel, then participated in the Preliminary Pretrial Conference with the Court.  Thereafter, the Court adopted the litigation calendar jointly proposed by the parties in the Calendar Order.  (Doc. 28).  Within a month following the Preliminary Pretrial Conference, Defendants served Plaintiff with written discovery requests and have since engaged in motion practice before this Court seeking discovery orders, including a dismissal as a consequence for Plaintiff's purported failure to timely and completely provide such discovery.  (Docs. 34, 41).  Now, despite agreeing to and proposing a specific date for the filing of motions directed to the pleadings, which the Court subsequently adopted and ordered, Defendants failed to timely do so.

Defendants' failure to assert the affirmative defense of insufficient service of process or personal jurisdiction before the mutually agreed upon deadline ordered by the Court for the filing of motions directed at the pleadings, as well as Defendants' aforementioned active participation in the litigation for a year before filing the Motion, amounts to a waiver of those affirmative defenses.  *See Datskow v. Teledyne, Inc. v. Continental Products Div.*, 899 F.2d 1298, 1303 (2nd Cir. 1990) (holding that "[a] delay in challenging personal jurisdiction by motion to dismiss has resulted in waiver, even where . . . the defense was asserted in a timely answer").

Accordingly, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) (Doc. 37) is **DENIED**.

    **IT IS SO ORDERED.**

Date: 3/30/12                                               *s/ Timothy S. Black*
                                                            Timothy S. Black
                                                            United States District Judge