UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANDREA WEST, | Case No. 3:10-cv-284 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| BRADLEY HILTON, *et al.*, | |
| Defendants. | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES (DOCS. 48, 47)**

This civil case is before the Court on the Plaintiff's Motion for Leave to Serve Additional Interrogatories Under Rule 26(b)(2). (Docs. 48, 49). Defendants filed a Memorandum Contra Plaintiff's Motion for Leave. (Doc. 50). Plaintiff did not file a reply and the time for doing so has expired. Plaintiff's Motion is now ripe.

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Further, the Court may grant "[l]eave to serve additional interrogatories . . . to the extent consistent with Rule 26(b)(2)." *Id*. Rule 26(b)(2) allows the court discretion to alter the limits on the number of interrogatories a party may serve on another party in the litigation. Rule 26(b)(2)(C) sets forth circumstances where "the court must limit the frequency or extent of discovery otherwise allowed[.]"

Here, Plaintiff offers several non-specific and conclusory reasons supporting the request to serve additional interrogatories, namely that discovery in this case will be

extensive, that experts will need to review voluminous documentation, that additional discovery is warranted, and that Defendants' answers to Plaintiff's first set of interrogatories "were not fully sufficient thus warranting additional interrogatories[.]" (Doc. 48). Defendants argue that other avenues of discovery are open to Plaintiff (*i.e.*, requests for documents, requests for admissions, depositions), that Plaintiff has not availed herself of any of these other avenues of discovery and that, contrary to Plaintiff's contention, Defendants fully responded to the first set of interrogatories. (Doc. 50).

The Court acknowledges Defendants' contentions, but nevertheless notes that Rule 33(a)(1) arguably allows Plaintiff to serve 25 interrogatories on *each* Defendant. *See Auther v. Oshkosh Corp.*, No. 09-CV-00527(A)(M), 2010 WL 1404125, at *3 (W.D.N.Y. Mar. 30, 2010) (stating that "[t]he plain language of Rule 33 indicates that the 25 interrogatory limitation is per party, rather than per side") (citations omitted). While Plaintiff's first set of 28 interrogatories was apparently addressed to all Defendants jointly, the Court's review of those interrogatories reveals that a substantial number of those interrogatories arguably seek information directly from Defendant Hilton only. (Doc. 50-1).[1] Even assuming that Plaintiff has exhausted the number of interrogatories permitted by Rule 33(a)(1), allowing service of a limited number of additional interrogatories will not be overly burdensome or prejudicial to Defendants.

---

[1] The Court's review of the Plaintiff's first set of interrogatories reveals that approximately 14 of the 28 interrogatories were directed to Defendant Hilton, with the remaining interrogatories directed to all Defendants.

Accordingly, Plaintiff's Motion for Leave to Serve Additional Interrogatories is **GRANTED**. (Docs. 48, 49). Plaintiff is granted leave to serve **no more than 11 total additional interrogatories**, including all discrete subparts. This order does not limit Plaintiff's ability to utilize any and all other means or methods of discovery available under the Civil Rules, including, but not limited to, requests for documents, requests for admissions and depositions.

**IT IS SO ORDERED.**

Date: 4/9/12

Timothy S. Black
United States District Judge