UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANDREA WEST, | : Case No. 3:10-cv-284 |
| Plaintiff, | : Judge Timothy S. Black |
| vs. | : |
| BRADLEY HILTON, *et al.*, | : |
| Defendants. | : |

**ORDER STRIKING PLAINTIFF'S FILINGS (DOCS. 90, 91)**

The Undisputed Facts (Doc. 90) and Statement of Disputed Issues of Material Facts (Doc. 91) filed by Plaintiff are hereby **STRICKEN** from the docket as not compliant with the Court's standing order governing civil motions for summary judgment[1] and as not responsive to Defendants' Proposed Undisputed Facts (Doc. 88).

The Court's standing order governing civil motions for summary judgment requires that a document entitled "Response to Proposed Undisputed Facts" must be attached to every brief in opposition to a motion for summary judgment.  The Response to Proposed Undisputed Facts must state, in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's statement of Proposed Undisputed Facts, whether each of the facts asserted by the moving party is admitted or denied.  The Response to Proposed Undisputed Facts must also include, in a separate section entitled "Disputed Issues of Material Fact," a list of each issue of material fact to which the opponent contends there is a genuine issue to be tried.  Plaintiff's filings (Docs. 90, 91) fall woefully short of complying with these requirements of the standing order.

---

[1] The Court's standing order is found at the web address: http://www.ohsd.uscourts.gov/judges/black/standing%20order%20governing%20civil%20motions%20for%20summary%20judgment.pdf

In addition, the Court's standing order requires that each statement of material fact in a Response to Proposed Undisputed Facts, and each denial in a statement of Disputed Issues of Material Fact, must be followed by a specific citation or citations to (1) the affidavit of a witness competent to testify as to the facts at trial, (2) a sworn deposition, and/or (3) other evidence, including documentary evidence, that would be admissible at trial.  Plaintiff's filings contain *zero* citations to evidence.

In addition, Plaintiff's filings lack the certificate of service required by Local Rule 5.2.

For the foregoing reasons, Plaintiff's filings (Doc. 90 and 91) are **STRICKEN**.[2]

**Plaintiff SHALL comply with the Court's standing order on or before December 7, 2012, by filing Plaintiff's Response to Proposed Undisputed Facts**, which must state, in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's statement of Proposed Undisputed Facts (Doc. 88), whether each of the facts asserted by the moving party is admitted or denied; and shall include a section entitled "Disputed Issues of Material Fact" which lists each issue of material fact to which Plaintiff contends there is a genuine issue to be tried; and each denial in the  statement of Disputed Issues of Material Fact must be followed by a specific citation to evidence, as must each statement of material fact in Plaintiff's Response to Proposed Undisputed Facts.

---

[2] Document 92 filed by Plaintiff appears to simply be the Undisputed Facts (Doc. 90) and Statement of Disputed Issues of Material Facts (Doc. 91) re-filed together.  The Court does not strike Doc. 92, deeming it to be, albeit unauthorized, a supplemental memorandum contra summary judgment (along with Doc. 89).

Should Plaintiff fail to fully comply with the Court's standing order on or before December 7, 2012, the Court may accept Defendants' Proposed Undisputed Facts (Doc. 88) as admitted for purposes of summary judgment.  Defendants' Reply Memorandum, if any, shall be filed by December 21, 2012.

**IT IS SO ORDERED.**

Date:  December 5, 2012                             *s/ Timothy S. Black*
                                                    Timothy S. Black
                                                    United States District Judge