UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA WEST, | : | Case No. 3:10-cv-284 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| BRADLEY HILTON, *et al.*, | : | |
| Defendants. | : | |

_____

**DECISION AND ENTRY GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 82)**

This civil case is before the Court on the Motion for Summary Judgment (Doc. 82) filed by Defendants Bradley Hilton and Drive Logistics, Ltd. (hereinafter collectively referred to as "Defendants"). Plaintiff responded to Defendants' Motion. (Doc. 89). Defendants filed a Reply Memorandum. (Doc. 97). Defendants' Motion for Summary Judgment is ripe for decision.

**I. FACTS**

This case involves wrongful death and survivorship claims based on claims of negligence asserted by Andrea West ("Plaintiff"), individually and as personal representative of the Estate of Michela Michelle Elaine West ("West"), against Defendants Bradley Hilton ("Hilton") and Drive Logistics, Ltd. ("Drive Logistics"). On August 25, 2009, Defendant Bradley Hilton was operating a 2007 Volvo tractor trailer southbound on Interstate-75 ("I-75") south of Dayton, Ohio at approximately 2:00 or 2:30

a.m. when he struck and killed West as West was a pedestrian in roadway. Accordingly to Hilton, he never saw West prior to the collision. Hilton's wife, a passenger in the tractor trailer at the time, also did not see West in the roadway before the collision. It is unknown whether West was standing, walking or running in or across the interstate immediately before the collision.

At the time of the collision, Hilton was within the scope and course of his employment with Defendant Drive Logistics. There is no dispute that, at the time of the accident, Hilton was not speeding, he was not in violation of any Department of Transportation regulations, and he was not in violation of service hours. In addition, the parties agree that there is no evidence that Drive Logistics allowed Hilton to operate a motor vehicle without proper training or supervision, or failed to equip said vehicle with proper safety installations. Further, it is undisputed that there is no evidence that Hilton was allowed to operate the vehicle with Drive Logistics' knowledge of his alleged reckless propensities as alleged in the Complaint.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).

"Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment - rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Technologies, Inc.*, 375 Fed. Appx. 482, 485 (6th Cir. 2010) (citation omitted). Instead, the party opposing summary judgment "must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." *Id*. (citation omitted). In fact, Fed. R. Civ. P. 56(c) states that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the material cited do not establish the absence . . . of a genuine dispute[.]" Where "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Finally, "there is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Buarino v. Brookfield*

-3-

*Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029 (D.C.Cir.1988); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108 (6th Cir.1989), *cert. denied*, 494 U.S. 1091 (1990)). Instead, "[i]t is the attorneys, not the judges, who have interviewed the witnesses and handled the physical exhibits; it is the attorneys, not the judges, who have been present at the depositions; and it is the attorneys, not the judges, who have a professional and financial stake in case outcome." *Id*. at 406. In other words, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped and for which courts generally are not." *Id*.

### III. ANALYSIS

Defendants argue that summary judgment is appropriate because there is no evidence that Hilton owed a duty or breached a duty owed to West, and therefore, cannot be found negligent. Plaintiff, in response, argues that genuine issues of material fact remain as to whether Hilton failed to exercise due care because Hilton failed to look, failed remain alert and failed to see West in his right-of-way. Specifically, West argues that Hilton "failed to act as a reasonable prudent person would by failing to see a pedestrian walking in the middle of the road when it is visible to see a pedestrian walking"[1] and that Hilton's "failure to see [West] shows that [Hilton] was not looking at the road at the time of the accident." (Doc. 89, PAGEID 1090-1092).

---

[1] Plaintiff's argument in this regard assumes West was walking in roadway immediately before the accident, a fact Plaintiff admits is unknown, and, therefore, is unsupported by the record.

Under Ohio law, "in an action based on negligence, each party is presumed to have exercised due care until proven otherwise." *Dixon v. Nowakowski*, No. L-98-1372, 1999 WL 652001, *4 (Ohio App. Aug. 27, 1999) (citing *Franklin v. Reed*, No. 69800, 1996 WL 476468 (Ohio App. Aug. 22, 1996); *Biery v. Pennsylvania*, 156 Ohio St. 75 (Ohio 1956)). To prove negligence, Plaintiff must "show the existence of a duty, a breach of that duty, and an injury resulting proximately from the breach." *Snider v. Nieberding*, No. CA2002-12-105, 2003 WL 22427808, *2 (Ohio App. Oct. 27, 2003) (citing *Menifee v. Ohio Welding Products*, 15 Ohio St.3d 75 (Ohio 1984)). "With regard to automobile accidents, the mere fact that a driver hits a victim on the roadway does not establish negligence." *Franklin*, 1996 WL 476468 at *2 (citing *Tomlinson v. Cincinnati*, 4 Ohio St.3d 66 (Ohio 1983)).

In Ohio, "a motor vehicle has the right to proceed uninterruptedly in a lawful manner in the direction in which it is traveling in preference to any vehicle or pedestrian approaching from a different direction into its path." *Snider*, 2003 WL 22427808 at *2 (citing R.C. 4511.01(UU)(1)). "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles[.]" Ohio Rev. Code § 4511.48(A); *see also Snider*, 2003 WL 22427808 at *2. Nevertheless, although a pedestrian must yield the right of way to all vehicles, drivers are not relieved "from exercising due care to avoid colliding with any pedestrian upon any roadway." Ohio Rev. Code § 4511.48(E).

Read together, Ohio courts have reconciled "R.C. 4511.48(A) and (E) . . . into the rule that a driver need not look for pedestrians or vehicles violating his right of way." *Wallace v. Hipp*, No. L-11-1052, 2012 WL 525530, *3 (Ohio App. Feb. 17, 2012) (citing *Deming v. Osinki*, 24 Ohio St.2d 179 (1970)). Drivers "must exercise due care to avoid colliding with a pedestrian in his right of way *only upon discovering a dangerous or perilous situation*." *Id*. (emphasis in original) (citing *Deming*, 24 Ohio St.2d at 180-81; *Hawkins v. Shell*, No. 72788, 1998 WL 289385 (Ohio App. Jun. 4, 1998); *Markley v. Knutson*, No. 9–96–29, 1996 WL 546875 (Ohio App. Sept. 26, 1996)); *see also Wallace*, 2012 WL 525530 at *4 (holding that the duty "not to injury another who has blocked the right of way and has created a perilous condition . . . only arises . . . after the . . . pedestrian has failed to yield and after the driver with the right of way has realized that there is a clearly dangerous condition in the right of way"); *Wall v. Sprague*, No. CA2007-05-065, 2008 WL 2635528, *3 (Ohio App. Jul. 7, 2008) (stating "[a] duty of care to avoid striking [a pedestrian] would have arisen only after [the driver] discovered that [the pedestrian] was in [the driver's] right of way"). Thus, drivers possess "no duty to look for danger unless there is reason to expect it." *Id*. (citation omitted).

Here, Hilton never saw West before the accident[2] and Plaintiff's sole theory of

---

[2] Plaintiff's response to Defendants' Motion for Summary Judgment focuses solely on the theory that Hilton was negligent for failing to see West and fails to contest Hilton's testimony that he never saw West before the collision. Indeed, in the statement of facts section of Plaintiff's response, Plaintiff states that "Defendant truck-driver . . . was unaware that he hit a pedestrian." (Doc. 89, PAGEID 1086).

liability is that Hilton was negligent because he "should have seen [West] before he struck her and failure to see her shows that [Hilton] was not looking at the roadway at the time of the accident." (Doc. 89, PAGEID 1092). In fact, the portion of the record most predominately relied upon by Plaintiff in opposing summary judgment is the testimony of Plaintiff's designated accident reconstruction expert, Sammie Hall. Hall's sole opinion is that Hilton's headlights should have illuminated the roadway up to 350 feet in front of the tractor trailer, and, therefore, according to Hall, Hilton "should have" been able to see West in the roadway. However, the theory of negligence advanced by Plaintiff, *i.e.*, that Hilton not seeing West amounts to a breach of duty, is contrary to Ohio law because Hilton owed no duty to look for pedestrians on the interstate blocking his right of way.

Accordingly, based on the foregoing, Defendants' Motion for Summary Judgment is **GRANTED**.[3]

---

Subsequently, in responding to Defendants' proposed undisputed fact in this regard, Plaintiff generally denies the fact that Hilton never saw West in the roadway, and in support of that denial, inexplicably cites a report authored by Defendants' expert reconstructionist, Rickey Stansifer, P.E., for the fact that an individual in the roadway "is typically recognizable as a person in the range of 150 feet to 175 feet." (Doc. 95, PAGEID 1186). Stansifer never opines that Hilton saw or probably saw West, and instead, relied on the discernability fact simply to support his opinion that Hilton could not have seen West in sufficient time to have avoided hitting her. (*Id.*) In other words, according to Stansifer, even assuming Hilton saw West in the roadway, Hilton did not fail to exercise reasonable care to avoid hitting West because such a collision was unavoidable. It is unclear how Stansifer's opinions create a genuine issue of material fact as to whether Hilton saw West.

Nevertheless, as pointed out by Defendants, Plaintiff's own designated accident reconstruction expert, Sammie Hall, when asked whether he had "any reason to believe that Mr. Hilton knew he struck Mrs. West[,]" testified, "[n]o, because he never saw her." (Doc. 87-1, PAGEID 1019). Accordingly, the fact that Hilton never saw West stands undisputed.

[3] The Court also agrees with Defendants' position that the record is devoid of evidence that Hilton failed to exercise reasonable care to avoid hitting West, even assuming he saw West. Again, Hall admitted that he performed no "calculations to prove that [Hilton's] not seeking and taking action falls below some standard of care[.]" (Doc. 87-1, PAGEID 1007).

## IV.  CONCLUSION

There being no genuine issues of material fact in dispute, and movant being entitled to judgment as a matter of law under the undisputed material facts, Defendants' Motion for Summary Judgment (Doc. 82) is **GRANTED** on all of Plaintiff's claims.

The Clerk shall enter judgment accordingly, and this case is **TERMINATED** on the docket of the Court.

**IT IS SO ORDERED.**

Date:  12/21/12                                                                *s/ Timothy S. Black*
                                                                              Timothy S. Black
                                                                              United States District Judge